666 SUPREME COURT OF IOWA,

The St. Louis, Ottumwa & Cedar Rapids R'y Co. v. Devin et al.

---

THE ST. LOUIS, OTTUMWA & CEDAR RAPIDS R'Y CO. v. DEVIN ET AL.

1. **Conveyance:** DELIVERY: CONDITION: EVIDENCE. Plaintiff sought to quiet its title to land under an alleged lost and unrecorded deed; but it failed to establish the delivery of the deed by a preponderance of the evidence, and it appeared by a clear preponderance of the evidence that the deed was a conditional one, and that, by reason of plaintiff's failure to perform the condition, the title never passed. *Held* that plaintiff could not recover.

*Appeal from Wapello Circuit Court.*

MONDAY, JUNE 13.

THIS is an action in equity, involving the title to a valuable tract of land in the city of Ottumwa. The plaintiff demands a decree quieting its title to the land. The defend-

ants claim that they are the owners of the property, and that the plaintiff has no interest therein. There was a decree in the circuit court for the defendants. Plaintiff appeals.

*Stiles & Beaman* and *S. S. Carruthers*, for appellant.

*Williams & Jacques* and *H. B. Hendershott*, for appellees.

ROTHROCK, J.—The plaintiff claims to be the owner of the land under an alleged conveyance made by one Thomas Devin in the year 1868. The defendants are the heirs and representatives of Devin, who died in the year 1873, and they claim that he was seized in fee of the property at the time of his death. No conveyance of the land from Devin was at any time made of record; and the plaintiff did not upon the trial produce a deed purporting to have been executed by Devin. It was claimed that the deed was lost, and reliance was had upon parol evidence of the existence and contents of a deed. On the other hand, the defendants admit that a deed was signed by Devin; yet they contend that the same was a conditional conveyance of the land, to be void unless a railroad depot should be built thereon in three or five years. They further contend that the deed was never delivered.

The evidence is quite voluminous. There is no dispute that a deed was signed by Devin, and that he intended to donate the land for depot purposes. We are inclined to think that plaintiff does not show, by a preponderance of evidence, that the deed was ever delivered. However this may be, we are quite well satisfied that there is a clear preponderance of evidence that the deed was a conditional one, and that the title never passed, by reason of the failure of the grantee to perform the condition.

We are satisfied that the decree of the court below is correct.

AFFIRMED.